UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GABRIEL WARREN,

                Movant,

-against-

UNITED STATES OF AMERICA,

                Respondent.

7:16-CR-0361-03 (CS)

7:24-CV-5011 (CS)

TRANSFER ORDER

CATHY SEIBEL, United States District Judge:

      Movant Gabriel Warren, who is currently incarcerated in the United States Penitentiary (Big Sandy), in Inez, Kentucky, brings this *pro se* "Motion to vacate, set aside, and[\]or remand for resentencing in conjunction with Federal Rule Criminal Procedure 52(B)," challenging the legality of his sentence entered in *United States v. Warren*, ECF 7:16-CR-0361, 228 (S.D.N.Y. Jan. 24, 2018). For the reasons set forth below, the Court construes the present motion as a second or successive motion to vacate, set aside, or correct Movant's sentence under 28 U.S.C. § 2255, and transfers this matter to the United States Court of Appeals for the Second Circuit.

      The proper jurisdictional basis for the relief Movant seeks is 28 U.S.C. § 2255, not Rule 52 of the Federal Rules of Criminal Procedure. Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence." *Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001). Movant has previously challenged his sentence by filing a Section 2255 motion that the Court denied on the merits. *See Warren v. United States*, Nos. 18-CV-6552 (CS), 16-CR-0361 (CS), 2019 WL 5150781 (S.D.N.Y. Apr. 3, 2019), *appeal dismissed*, No. 19-1457 (2d Cir. Oct. 11, 2019).

      A Section 2255 motion is second or successive when a previous Section 2255 motion filed by the movant in the same criminal action was adjudicated on the merits. *See Corrao v.*

*United States*, 152 F.3d 188, 191 (2d Cir. 1998).  A court may recharacterize a submission as a second or successive Section 2255 motion without providing the movant an opportunity to withdraw that motion.  *Jiminian*, 245 F.3d at 148.  Because Movant has already filed a Section 2255 motion that was adjudicated on the merits, and in light of the relief sought in the present motion, the Court construes the present motion as a second or successive Section 2255 motion.

Before a movant may file a second or successive Section 2255 motion in a district court, authorization from the appropriate Court of Appeals is required.  *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h).  Movant has not indicated that he received authorization from the United States Court of Appeals for the Second Circuit to file the present motion.  Movant must therefore request permission to pursue the present motion from that court.  Because second or successive Section 2255 motions should be transferred to the appropriate Court of Appeals, *see Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996), in the interest of justice, the Court transfers this matter to the Second Circuit, *see* 28 U.S.C. § 1631.

**CONCLUSION**

The Court directs the Clerk of Court to transfer this matter, which the Court construes as a second or successive Section 2255 motion, to the United States Court of Appeals for the Second Circuit.  *See* § 1631; *Liriano*, 95 F.3d at 122-23.  This order closes this matter.

Because the present motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that

2

"a defendant's good faith in [a criminal] case [is] demonstrated when he seeks appellate review of any issue not frivolous").

**SO ORDERED.**

Dated: July 9, 2024
       White Plains, New York

_____
CATHY SEIBEL
United States District Judge

3